UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA LANCASTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:22-CV-937 MTS |
| PAUL RAMSEY and VALICOR ENVIRONMENTAL SERVICES, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's motion for leave to commence this employment discrimination action without prepayment of the required filing fee. Doc. [2]. Upon consideration of the financial information provided with the application, the Court finds plaintiff is financially unable to pay the filing fee. Therefore, plaintiff will be granted leave to proceed *in forma pauperis*. Additionally, under 28 U.S.C. § 1915(e)(2)(B), the Court is required to review the complaint and dismiss any part of it that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Upon such review, the Court will dismiss plaintiff's claims against defendant Paul Ramsey.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*., for employment discrimination and retaliation on the basis of gender/sex. Doc. [1] at 3-4. Named as defendants are Paul Ramsey and Valicor Environmental Services. Plaintiff provided a copy of the Charge of Discrimination she filed with the Missouri Commission on Human Rights and Notice of Right to Sue issued by the Equal Employment Opportunity Commission. Docs. [1] – [3]. The right to sue letter is dated June 22, 2022. *Id.* at 1. It therefore appears plaintiff has timely brought this action.

Title VII provides a remedy only against an employer. The Eighth Circuit Court of Appeals has squarely held that supervisors may not be held individually liable under Title VII. *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (per curiam) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); *see Bales v. Wal-Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998). As a result, plaintiff's claims against Paul Ramsey, as a supervisor and/or coworker, fails to state a claim upon which relief can be granted. Consequently, the Court will dismiss him from this action under 28 U.S.C. § 1915.

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel in addition to her complaint in this action. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is

unwarranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. Thus, the Court will deny plaintiff's motion for appointment of counsel but will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel, Doc. [3] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Paul Ramsey are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue as to defendant Valicor Environmental Services at National Registered Agents, Inc., 120 S. Central Avenue, Clayton, Missouri 63105.

An Order of Partial Dismissal will accompany this Order.

Dated this 21st day of September, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE