**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA LANCASTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-00937-MTS |
| ) | |
| PAUL RAMSEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Valicor Environmental Services ("Valicor"). Doc. [11]. Valicor argues that Plaintiff's "Complaint does not name Valicor as a Defendant and fails to set forth a claim upon which relief can be granted." Doc. [12] at 1. The Court already has completed a frivolity review under 28 U.S.C. § 1915(e)(2)(B) and determined that Plaintiff's claim against Valicor survived such review. Doc. [5]. Thus, the Court already has determined Plaintiff stated a claim against Defendant Valicor. *See* 28 U.S.C. § 1915(e)(2) (providing a court "shall dismiss" a case "that fails to state a claim on which relief may be granted").

After careful review of the briefing on this motion and yet another review of Plaintiff's Complaint and exhibits, the Court again concludes that Plaintiff has stated a claim against Defendant Valicor. Plaintiff used and completed the Court-provided form for her Complaint. *See* Doc. [1]. In the caption, she listed Valicor as a Defendant. *Id.* at 1. True, she did not list Valicor as a Defendant in the body of the form where she was supposed to do so. *Id.* at 1–2. But, besides simply naming Valicor in the caption, she listed it as her "Place of Employment," *id.* at 3, and attached to her Complaint her Right to Sue Letter from the EEOC, Doc. [1-3], in

which she named Valicor. *Williams v. Target Stores*, 479 F. App'x 26, 28 (8th Cir. 2012) (per curiam) ("[F]ederal rules require that the charge of discrimination and the complaint be read together." (citing Fed. R. Civ. P. 10(c))); *see also Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012).

What is more, Plaintiff is *pro se*. The Court, therefore, must liberally construe her Complaint. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2014) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss). Liberally construing Plaintiff's Complaint and reading it together with her charge of discrimination, the Court again concludes that Plaintiff has stated a claim against Valicor. Therefore, the Court will deny Defendant Valicor's Motion to Dismiss, and a forthcoming Order of the Court will set this matter for a Rule 16 conference.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Valicor's Motion to Dismiss, Doc. [11], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion of Discovery," Doc. [23], is **DENIED** without prejudice given that the Court will be setting this matter for a Rule 16 Conference.

Dated this 29th day of December, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE